AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware

UNITED STATES OF AMERICA

**V.**

Donald Pritchett
_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  07-61M-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is

    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

    X for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC § 841  .
    X under 18 U.S.C. § 924(c).

X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED

APR 24 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by       clear and convincing evidence      a preponderance of the evidence: Defendant is charge with felon in possession of a firearm in violation of 18 USC § 922 (g)(1) & 924(a)(2); possession with intent to distribute heroin in violation of 21 USC § 841; and possession of a firearm in furtherance of a drug offense in violation of 10 USC § 924(c).  the court finds that there are no condtions or combination thereof that will reasonably assure his appearance as required and the safety of the community because:

1. The evidence against defendat is substantial.  Defendant's arrest was the result of an undercover (CI) buy and heroin was found in his home along with a 9 mm loaded weapon.

2. Defendant is an admitted heroin addict and has undergone treatment via the Key program while incarcerated on state charges, detox at NET and the methadone clinic at Brandywine Counseling.

3. defendant's criminal history is significant having begun at age 16 years.  Defendant was convicted of possession with intent to distribute in May 1999 with a VOP in June 200 and another in February 2001.  He was convicted again in July 2002 of possession with intent to deliver for which he received a VOP in July 2005 and another in November 2005.  He was convicted of possession of a controlled substance in October 2002, resulting in a VOP in November 2005 (same as noted above).  His criminal history shows drug related offenses, primarily trafficking, violence and theft.

✎ AO 472  (Rev. 3/86)  Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 23, 2007 | | |
|---|---|---|
| Date | Signature of Judicial Officer | |
| | Mary Pat Thynge, Magistrate Judge | |
| | *Name and Title of Judicial Officer* | |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).